FILED
04/08/2024
*Paige Trautwein*
CLERK
Ravalli County District Court
STATE OF MONTANA
By: Sarah Sargent
DV-41-2024-0000156-WS
Recht, Howard F.
1.00

CJ Johnson
Christine M. Cole
Johnson & Johnson Law, PLLC
323 W. Pine St.
P.O. Box 8628
Missoula, MT  59807-8628
(406) 541-7078
cj@johnsonmtlaw.com

Attorneys for Plaintiff

IN THE TWENTY FIRST JUDICIAL DISTRICT COURT, RAVALLI COUNTY

| | |
|---|---|
| KEVIN D. CAMPBELL,<br><br>Plaintiff,<br><br>vs.<br><br>ASPLUNDH TREE EXPERT, LLC.,<br><br>Defendant. | Cause No. _____<br>Dept. No. _____<br>Hon. _____<br><br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

COMES NOW Plaintiff Kevin D. Campbell, and for his Complaint & Demand for Jury Trial against Defendant Asplundh Tree Expert, LLC ("Asplundh"), states as follows:

1. Mr. Campbell is a resident of Stevensville, Ravalli County, Montana.

2. Asplundh is a foreign limited liability company with its principal place of business located in Willow Grove, Pennsylvania. Asplundh's

**COMPLAINT AND DEMAND FOR JURY TRIAL**                                                         Page 1

commercial registered agent for the State of Montana has a Helena, MT address.

3. Mr. Campbell worked as a Tree Trimmer for Asplundh for approximately five (5) years, beginning in June of 2018.

4. Asplundh terminated Mr. Campbell's employment on or about May 4, 2023.

5. At the time of his termination, Mr. Campbell was a non-probationary employee.

6. Prior to his discharge, Mr. Campbell had never been formally disciplined by Asplundh for any performance or disciplinary problems.

7. Asplundh did not possess good cause to terminate Mr. Campbell.

8. Among other things, Asplundh has attempted to justify its termination of Mr. Campbell on the grounds that Asplundh had had no contact from Mr. Campbell for two weeks and that, as a result, he had been fired. Additionally, Mr. Campbell's revised termination form that was delivered to him on or about July 14, 2023 identifies (incorrectly) that his last day worked was June 8, 2023, and further states: "Employee was released for failure to communicate with the office/General Foreman after non-work related surgery." These claims are untrue.

9. Asplundh discharged Mr. Campbell from his employment without good cause, in violation of the Montana Wrongful Discharge from Employment Act, M.C.A. § 39-2-901, et. seq.

10. Asplundh's wrongful termination of Mr. Campbell's employment has caused him to sustain special and general damages in amounts to be proved at trial. M.C.A. § 39-2-905(1).

**WHEREFORE,** Mr. Campbell prays for judgment against Asplundh for all special and general damages in amounts to be proven at trial; for his costs of suit; and for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Campbell demands a trial by jury on all issues so triable.

DATED this 8th day of April, 2024.

JOHNSON AND JOHNSON LAW, PLLC

_____
C.J. Johnson
Attorneys for Plaintiffs